# Exhibit 3

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>CUSTOMS AND TAX ADMINISTRATION OF THE KINGDOM OF DENMARK (SKAT SKATTEFORVALTNINGEN) TAX REFUND SCHEME LITIGATION<br><br>This document relates to All Cases. | MASTER DOCKET<br><br>18-md-2865 (LAK) |

**[PROPOSED] AMENDED STIPULATED**
**PROTECTIVE ORDER GOVERNING**
**CONFIDENTIALITY OF DISCOVERY MATERIALS**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Rule 502 of the Federal Rules of Evidence, the parties (each a "Party" and collectively, the "Parties") to the related actions consolidated as part of *In re Customs and Tax Administration of the Kingdom of Denmark (SKAT) Tax Refund Litigation,* Case No. 18-md-2865 (LAK) (each an "Action," and collectively, the "Actions") hereby stipulate to the entry by the Court of this protective order (the "Protective Order") for the purpose of ensuring that materials produced by all Parties and by non-parties (each a "Non-Party" and collectively, "Non-Parties") remain confidential, where necessary, without hindering the effective and efficient adjudication of the Actions.

IT IS HEREBY ORDERED THAT any person subject to this Protective Order – including without limitation the Parties, Non-Parties, their attorneys, representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order – shall adhere to the following terms:

**Use of Confidential Materials in Discovery**

1.  The term "Discovery Material" shall mean all initial disclosures, documents, testimony, exhibits, interrogatory answers, responses to requests for admissions, and any other written, recorded, transcribed or graphic matter or data or anything produced in the Actions by the Parties and Non-Parties, and all information contained therein.  This Protective Order shall apply to all Discovery Material, all information derived from Discovery Material, and all copies, transcripts, excerpts, notes and summaries of Discovery Material.

2.  Any Party or Non-Party that produces Discovery Material (a "Producing Party or Non-Party") shall have the right to designate Discovery Material as "Confidential" if the Producing Party or Non-Party reasonably and in good faith believes that the material: (a) includes sensitive personal information, including, for example, private details such as social security numbers, financial information, home addresses, personal email addresses, or personal telephone numbers; (b) includes confidential business information, including for example, non-public financial, customer or commercial information, or other information that the Producing Party or Non-Party believes in good faith to be entitled to protection under F.R.C.P. 26(c)(l)(G); (c) includes information the Producing Party or Non-Party is contractually or legally obligated to keep confidential; (d) was provided to or maintained by the Producing Party or Non-Party subject to an agreement to maintain such information as confidential; or (e)(e) includes Foreign Confidential Personal Data as defined in paragraph [7] below; or (f) any other category of information hereinafter given confidential status by the Court.  In addition, any Party or Non-Party (the "Designating Party") shall

3

have the right to designate as Confidential any Discovery Material produced by another Party or Non-Party so long as such Discovery Material constitutes or contains information belonging to or concerning the Designating Party that meets one or more of the criteria in subparagraphs (a) through (e) above. Such designation shall be made by written notice to the Producing Party or Non-Party, and in the event that the designation is made after the documents have been produced by the Producing Party or Non-Party, a copy of the notice shall be sent by the Designating Party to all Parties with access to the Discovery Material. The Designating Party bears the burden of establishing good cause for Confidential treatment.

      3.    A Producing Party or Non-Party shall have the right to designate Discovery Material as "Highly Confidential" if the Producing Party or Non-Party reasonably and in good faith believes that the material (a) satisfies the requirements set forth in Paragraph 2 above, or is non-public information that is related to a domestic or foreign law enforcement investigation or action, and (b) the disclosure, or further disclosure, of which would result in a clearly defined, serious and irreparable injury to the Producing Party or Non-Party that cannot be reasonably protected by alternate means. A Designating Party shall have the right to designate as Highly Confidential any Discovery Material produced by another Party or Non-Party so long as such Discovery Material constitutes or contains information belonging to or concerning the Designating Party that meets the criteria in subparagraphs (a) and (b) above. Such designation shall be made by written notice to the Producing Party or Non-Party, and in the event that the designation is made after the documents have been produced by the Producing Party or Non-Party, a copy of the notice shall be sent by the Designating Party to all Parties with access to the Discovery Material. The Designating

Party bears the burden of establishing good cause for Highly Confidential treatment.

4.      "Confidential Material" shall mean Discovery Material that has been designated Confidential.  Confidential Material shall include all originals, copies, transcripts, excerpts, notes and summaries of any Confidential Material.  Information or material designated as Confidential shall retain its designation as such, and protections afforded under such designation, when referenced or incorporated in, or copied to, derivative documents.

5.      "Highly Confidential Material"[1] shall mean Discovery Material that has been designated Highly Confidential.  Highly Confidential Material shall include all originals, copies, transcripts, excerpts, notes and summaries of any Highly Confidential Material. Information or material designated as Highly Confidential shall retain its designation as such, and protections afforded under such designation, when referenced or incorporated in, or copied to, derivative documents.

6.      "Foreign Data Protection Law" shall mean foreign data protection laws that may govern the transfer, processing, or disclosure of information sought in the Actions, including:  (i) Regulation (EU) 2016/679, Apr. 27, 2016, 2016 O.J. (L119) 1, also known as the EU General Data Protection Regulation; and (ii) the Danish Data Protection Act.

7.      "Foreign Confidential Personal Data" shall mean any information relating to an identified or identifiable natural person entitled to protection under Foreign Data Protection Law.  An identifiable natural person is one who can be identified, directly or indirectly, in particular by reference to an identifier such as a name, an identification

---

[1]    Confidential Material and/or Highly Confidential Material are collectively referred to as "Confidential Discovery Materials."

number, location data, an online identifier or to one or more factors specific to the physical, physiological, genetic, mental, economic, cultural or social identity of that natural person.

8.    Information that is or becomes publicly available, other than through a breach of this Protective Order, shall not be considered Confidential Material or Highly Confidential Material.  For purposes of this Protective Order, documents and information produced by a Party or Non-Party to law enforcement, public or private regulatory agencies, or other governmental authorities shall not be considered publicly available solely because they were produced to law enforcement, public or private regulatory agencies, or other governmental authorities.

9.    Any Party or Non-Party producing Confidential Material or Highly Confidential Material shall do so in conformity with the following procedures, and any Party receiving Confidential Material or Highly Confidential Material shall abide by the following procedures and limitations concerning use of such material:

a)  In the case of Confidential Material or Highly Confidential Material produced on CD, DVD or other electronic storage medium, any Party or Non-Party providing such Confidential Material or Highly Confidential Material to any other Party, Non-Party or entity shall affix the legend "Confidential" or "Highly Confidential" to such electronic storage medium and, to the extent practical, to each page or unit of material.  In the event designation through affixation of the legend "Confidential" or "Highly Confidential" is impractical, as with electronic documents produced in native format, designation may be made in any manner that is reasonably designed to notify all recipients that the Discovery Material has been designated Confidential or Highly Confidential, including through a cover letter that identifies the designated material by Bates number.

b) In the case of Confidential Material or Highly Confidential Material produced in paper form, any Party or Non-Party providing such Confidential Material or Highly Confidential Material to any other Party or Non-Party shall affix the legend "Confidential" or "Highly Confidential" to each page so designated. In the event designation through affixation of the legend "Confidential" or "Highly Confidential" is impractical, designation may be made in any manner that is reasonably designed to notify all recipients that the Discovery Material has been designated Confidential or Highly Confidential.

c) Any Party or Non-Party may designate any deposition testimony, or portions thereof, including exhibits, as Confidential or Highly Confidential either: (i) at the deposition, by making a statement on the record at the time of the disclosure and directing the court reporter to affix the legend "Confidential" or "Highly Confidential" to the first page and all designated portions of the transcript, including all copies thereof, or (ii) within thirty (30) days after receipt of the final deposition transcript, by informing counsel for the deponent and all counsel of record for the Parties to the Action(s) in which the deposition was taken in writing of such designation with sufficient particularity that the material so designated may be readily identified.  All deposition testimony and transcripts, including, but not limited to, rough transcripts, shall be treated as Highly Confidential Material until thirty (30) days after the receipt of the final transcript in order to give Parties or Non-Parties the opportunity to designate portions or all of the testimony or transcript Confidential or Highly Confidential as set forth in this subparagraph C.  Discovery Material previously designated as Confidential Material or Highly Confidential Material

that is marked as an exhibit during a deposition shall be treated as Confidential Material or Highly Confidential Material at all times.

d) The Party that has first noticed a deposition shall provide each court reporter and videographer participating in the deposition with a copy of this Protective Order, and each court reporter and videographer shall be bound by its provisions. Each court reporter and videographer must: (i) mark the deposition transcript and video recording or portions thereof designated as Confidential Material with the legend "Confidential," (ii) mark the deposition transcript and video recording or portions thereof designated as Highly Confidential Material with the legend "Highly Confidential," (iii) separately bind or provide the designated portions of the deposition transcript and video recording, and (iv) place on the cover of any such transcript and video recording an appropriate legend indicating that the transcript or video contains information designated as Confidential or Highly Confidential pursuant to a court order.

e) In the case of any written responses to discovery requests, to the extent such responses incorporate or reference Confidential Material or Highly Confidential Material, the responding Party or Non-Party shall: (i) state in the main body of the responses that the responses reference or incorporate Confidential Material or Highly Confidential Material, and (ii) affix the legend "Confidential" or "Highly Confidential" to the first page of the responses and to each subsequent page of the responses that contains such Confidential Material or Highly Confidential Material.

f) The failure to designate any Discovery Material as Confidential or Highly Confidential at the time of production, during a deposition, or within thirty (30) days after receipt of the final transcript of a deposition does not constitute a waiver of a

claim to confidentiality.  A Producing ~~Patty~~Party or Non-Party can remedy an initial failure to designate by subsequently providing written notice to all Parties that identifies the Discovery Material and indicates that it is being designated Confidential or Highly Confidential.  On receiving such written notice, each Party shall thereafter treat the identified Discovery Material as Confidential Material or Highly Confidential Material in accordance with its designation from the date of such notification forward.  Further, upon receiving such written notice, each Party shall promptly give notice thereof to each person, if any, to whom the Party disclosed the previously undesignated material and shall diligently attempt to retrieve all copies of the undesignated material. No person shall be liable for disclosing Confidential Material or Highly Confidential Material if that disclosure occurred prior to receipt of the written notice described in this Paragraph.  Within ten (10) business days after previously produced Discovery Material is subsequently designated as Confidential Material or Highly Confidential Material, the Producing Party or Non-Party shall, in accordance with the provisions of this Paragraph, provide appropriately marked electronic and/or paper copies to all Parties entitled to receive such Discovery Material.

g)  In the event that a Producing Party or Non-Party produces two or more identical or substantially identical copies of any Discovery Material, and any copy is designated as Confidential Material or Highly Confidential Material while other copies are not so designated, all such identical or substantially identical Discovery Material shall be treated as Confidential Material or Highly Confidential Material once notice is given by the Producing Party or Non-Party of the inconsistent designation.

10.     Consistent with the uses of Discovery Materials permitted in this Protective Order, no Confidential Material shall be disclosed to any person except as provided herein, except with the prior written consent of the Producing Party, Non-Party, or Designating Party as applicable. Discovery Material designated "Confidential" may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part, by a receiving party, only to the following persons:

a) The counsel of record for parties in the Actions and any other counsel employed by any Party to the Action (including any Parties' counsel of record in any Foreign Action) and SKAT's counsel in any Foreign Action, and regular or temporary employees and service vendors of such counsel (including outside copying and litigation support services) assisting in the conduct of the Actions or Foreign Actions or assisting SKAT in the conduct of any Foreign Actions (collectively the "Counsel") for use in accordance with this Protective Order;

b) Experts, consultants and investigators (including their professional staffs) to the extent necessary for such expert, consultant, or investigator to prepare a written opinion, to prepare to testify, or to assist the Parties or Counsel in the prosecution or defense of the Actions (or Foreign Actions as applicable).  Nothing in this Protective Order shall be interpreted to alter or limit the application of Rule 26 of the Federal Rules of Civil Procedure with respect to disclosure of expert reports, drafts, communications or other expert materials.

c) The parties in the Actions, and the directors, officers and employees of the parties who are assisting Counsel in the Actions;

d) Any person indicated to be the author, addressee, or a copy recipient of the Confidential Material, or any other person who otherwise is shown to have knowledge of the Confidential Material, the receipt of which is not in violation of this Protective Order;

e) Witnesses, noticed or subpoenaed deponents, and their counsel.  Confidential Material shall not be disclosed to any witness or deponent unless such witness or deponent first signs an Exhibit A certification form (as described in Paragraph 10 herein) or, if such witness or deponent refuses to sign a certification form, unless the witness or deponent is provided with a copy of this Protective Order and is advised on the record that he or she may be subject to sanctions for any violation of the terms of the Protective Order. At the request of any party, the portion of any deposition transcript involving the Confidential Material shall be designated "Confidential" pursuant to Paragraph 7(c) above.  Those witnesses or deponents who are shown Confidential Material shall not be allowed to retain copies

f) The Court, court personnel, any appellate court having jurisdiction of any appeal of this action, and jurors, potential jurors or alternate jurors pursuant to Paragraphs 13-16 of this Protective Order, or any court of competent jurisdiction in a Foreign Action;

g) Court reporters, videographers (and their staffs) employed in connection with the Actions or any Foreign Actions;

h) Mediators and any person carrying on an insurance business that may be liable to satisfy part or all of any judgment which may be entered in the Actions or any

Foreign Actions, or to indemnify or reimburse for payments made to satisfy a judgment; and

i) Any other person only upon order of the Court or upon stipulation of the party that produced the Confidential Material.

11.     Consistent with the uses of Discovery Materials permitted in this Protective Order, no Highly Confidential Material shall be disclosed to any person except as provided herein, except with the prior written consent of the Producing Party, Non-Party, or Designating Party as applicable. Discovery Material designated "Highly Confidential" may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part, by a receiving party, only to the following persons:

a) Counsel, as defined in Paragraph 8(a), for use in accordance with this Protective Order;

b) Experts, consultants and investigators (including their professional staffs) to the extent necessary for such expert, consultant, or investigator to prepare a written opinion, to prepare to testify, or to assist the Parties or Counsel in the prosecution or defense of the Actions (or Foreign Actions as applicable).  Nothing in this Protective Order shall be interpreted to alter or limit the application of Rule 26 of the Federal Rules of Civil Procedure with respect to disclosure of expert reports, drafts, communications or other expert materials;

c) Any person indicated to be the author, addressee, or copy recipient of a document, or any other person who otherwise is shown to have knowledge of the Highly Confidential Material therein the receipt of which is not in violation of this Protective Order;

d) Witnesses, noticed or subpoenaed deponents, and their counsel. Highly Confidential Material shall not be disclosed to any witness or deponent unless such witness or deponent first signs an Exhibit A certification form (as described in Paragraph 10 herein), or, if such witness or deponent refuses to sign a certification form, unless such witness or deponent is provided with a copy of this Protective Order and is advised on the record that he or she may be subject to sanctions for any violation of the terms of the Protective Order.  At the request of any party, the portion of any deposition transcript involving the Highly Confidential Material shall be designated "Highly Confidential" pursuant to Paragraph 7(c) above.  Those witnesses or noticed or subpoenaed deponents who are shown Highly Confidential Material shall not be allowed to retain copies;

e) The Court, court personnel, any appellate court having jurisdiction of any appeal of this action, and jurors, potential jurors or alternate jurors pursuant to Paragraphs 13-16 of this Protective Order, or any court of competent jurisdiction in a Foreign Action;

f) Court reporters, videographers (and their staffs) employed in connection with the Actions or any Foreign Actions;

g) Mediators and any person carrying on an insurance business that may be liable to satisfy part or all of any judgment which may be entered in the Action, or to indemnify or reimburse for payments made to satisfy a judgment; and

h) Any other person only upon order of the Court or upon stipulation of the party that produced the Discovery Material designated "Highly Confidential."

13

12.     Prior to any disclosure of Confidential Material, Highly Confidential Material, or the identity of confidential witnesses pursuant to Paragraphs 8, 9, and 17, respectively, counsel of record for the party proposing to make such disclosure shall ensure that a copy of this Protective Order has been delivered to such person, and shall attempt to obtain that person's signature in the form attached as Exhibit A hereto, agreeing in writing to be bound by the terms of this Protective Order and agreeing not to disclose or use the identities of confidential witnesses or any Confidential Discovery Material in a manner or for purposes other than those permitted hereunder, including after the conclusion of these Actions (including the expiration of any appeal period), and to return or destroy any Confidential Discovery Material in accordance with the provisions of Paragraph 24 of this Protective Order.  Counsel of record for each party shall maintain executed Exhibit A forms, which shall be available for inspection by counsel for the party claiming confidentiality upon order of the Court following a showing of good cause.  Executed Exhibit A forms shall not be discoverable except upon good cause shown and order of the Court.

13.     Any persons receiving Confidential Material, Highly Confidential Material, or confidential witness identities, shall not reveal such information (including its contents, or any portion or summary thereof) or discuss such information (including its contents, or any portion or summary thereof) with any person who is not entitled to receive such information, as set forth in Paragraphs 8 and 9.  Any person or entity receiving Confidential Discovery Material or confidential witness identities shall maintain that material in a reasonably secure manner so that it is not further disclosed or used in any manner inconsistent with this Protective Order. Persons receiving Confidential Discovery Material or confidential witness

identities shall use it only for purposes permitted by Paragraph 19 of this Protective Order, and not for any other purpose.

14.     Nothing in this Protective Order shall be or be deemed to be an acknowledgment by any Party that any Discovery Material designated as Confidential Material or Highly Confidential Material is in fact entitled to such treatment under applicable law.  A Party shall not be obligated to challenge the propriety of any other Party's or Non-Party's designation of Discovery Material as Confidential Material or Highly Confidential Material, and a failure to do so at the time of the designation shall not preclude any subsequent challenge.  Any Party (the "Disputing Party") may challenge, at any time, the designation of Discovery Material as Confidential or Highly Confidential Material through a written request to the Producing Party or Non-Party, with notice provided to all Parties who/that have received such Discovery Material, that the Producing Party or Non-Party withdraw such designation and generally setting forth the reasons the Disputing Party believes such Discovery Material or information does not qualify as Confidential Material or Highly Confidential Material.  The Producing Party or Non-Party, the Disputing Party and any other interested party shall meet and confer in good faith during the fourteen (14) days following the Producing Party or Non-Party's receipt of the request in an effort to resolve the objection.  The Disputing Party may file a motion with the Court challenging the designations within fourteen (14) days after the meet and confer.  Within seven (7) days after the Disputing Party has filed the motion, or otherwise pursuant to stipulation between the parties, the Producing Party or Non-Party shall submit a response showing good cause for the designation, and why the designation should be maintained.  Within seven (7) days of the Producing Party's or Non-Party's submission of the response, the Disputing Party may

file a reply. Motions filed pursuant to this Paragraph shall be limited to ten (10) pages in length; responses and replies shall be limited to fifteen (15) pages. While such an application is pending, the Discovery Material shall be treated as "Confidential" or "Highly Confidential" pursuant to this Protective Order.

## USE OF CONFIDENTIAL DISCOVERY MATERIAL IN COURT

The following provisions govern the treatment of Confidential Discovery Material or confidential witness identities submitted as a basis for adjudication of matters or proceedings to the Court.

15. If documents, material or information (including portions of deposition transcripts) designated as "Confidential" or "Highly Confidential" or disclosing the identity of a confidential witness are to be included in any papers filed with the Court, such papers shall be labeled "Confidential - Subject to Protective Order" or "Highly Confidential - Subject to Protective Order" or "Confidential Witness Identities - Subject to Protective Order'" and filed under seal in accordance with the Court's Local Rules and CM/ECF procedures. Such documents, material and information shall be kept under seal until further order of the Court. Parties that file a pleading or other paper that includes Confidential Discovery Material or discloses the identity of a confidential witness under seal shall also file on the public record a version of the pleading or other paper from which the Confidential Material and/or the identity of a confidential witness has been redacted.

16. Where possible, only Confidential or Highly Confidential portions of filings with the Court, or portions of filings with the Court that disclose the identity of a confidential witness, shall be filed under seal. The parties shall endeavor in good faith to

avoid filing materials under seal whenever possible. If any party desires to refer to, or include, Confidential Discovery Material or to disclose the identity of a confidential witness in a brief, motion, or other court filing, that party may confer with counsel for the Producing Party or Non-Party about any such references, in an effort to reach an agreement that will make filing under seal unnecessary. Any agreements reached by any parties to resolve the need for filing under seal shall not be viewed or deemed as waiver or admission of any prior or subsequent Confidential or Highly Confidential designation, nor shall any such agreement be construed to apply to any future efforts to apply the "Confidential" or "Highly Confidential" designation.

17.     All extracts and summaries of Confidential Discovery Material, as well as briefs or other pleadings quoting or disclosing such Confidential Discovery Material, shall also be treated as confidential in accordance with the provisions of this Protective Order.

18.     This Protective Order does not address the use of Confidential Discovery Material at trial. The parties agree to meet and confer regarding use of Confidential Discovery Material in connection with trial and to raise the issue with the Court at an appropriate time.

## CONFIDENTIAL WITNESS IDENTITIES

19.     The identity of the whistleblower witness referenced in the complaints commencing the Actions, and any other whistleblower identified by SKAT during the course of the Actions, may not be disclosed in whole or in part except to the following persons, subject to paragraphs 10 and 11 supra: (a) Counsel for use in accordance with this Protective Order; (b) experts, consultants and investigators (including their professional staffs) to the

extent necessary for such expert, consultant, or investigator to prepare a written opinion, to prepare to testify, or to assist the Parties or Counsel in the prosecution or defense of the Actions (or Foreign Actions as applicable); (c) the Individual Defendants as reasonably necessary for purposes of these Actions; (d) the Court, court personnel, any appellate court having jurisdiction of any appeal of this action, and jurors, potential jurors or alternate jurors pursuant to Paragraphs 13-16 of this Protective Order, or any court of competent jurisdiction in a Foreign Action; (e) court reporters, videographers (and their staffs) employed in connection with the Actions or any Foreign Actions; (f) mediators and any person carrying on an insurance business that may be liable to satisfy part or all of any judgment which may be entered in the Actions, or to indemnify or reimburse for payments made to satisfy a judgment; (g) the confidential witnesses themselves (with the exception that a confidential witness's identity may be revealed only to that confidential witness and not to any other confidential witness); and (h) any other person only upon order of the Court or stipulation of the parties.  The limitations contained in this paragraph do not require any Party, Non-Party, or Designating Party to redact the name of a whistleblower that may incidentally appear in Discovery Material unrelated to the act(s) of whistleblowing. The procedures set forth in paragraphs 7, shall also apply to confidential witness identities.

## OTHER

20.    If any person receiving documents covered by this Protective Order (the "<u>Subpoenaed Person</u>") is subpoenaed in another action or proceeding or is served with a document demand or other request under law (a "<u>subpoena</u>"), and such subpoena seeks Discovery Material which was produced or designated as "Confidential" or "Highly

Confidential" by someone other than the Subpoenaed Person, the Subpoenaed Person shall (i) give written notice by hand delivery, overnight delivery, or e-mail (which e-mail shall be considered delivered when sent) promptly, and in no event later than five (5) business days after receipt of such subpoena or document demand, to those who produced or designated the material "Confidential" or "Highly Confidential" and, except as ordered otherwise by a court of competent jurisdiction, (ii) refrain from producing any Discovery Material that has been designated "Confidential" or "Highly Confidential" in response to such a subpoena or document demand until the earlier of (a) receipt of written notice from the Producing Party or Non-Party that such party does not object to production of the designated Discovery Material or (b) resolution of any objection asserted by the Producing Party or Non-Party either by agreement or by order of a court with jurisdiction over the objection of the Producing Party or Non-Party.  The burden of opposing the enforcement of the subpoena shall fall solely upon the party who produced or designated the Confidential Discovery Material.  Unless the party who produced or designated the Confidential Discovery Material submits a timely objection seeking an order that the subpoena need not be complied with, and serves such objection upon the Subpoenaed Person by hand delivery, overnight delivery, or e-mail (which e-mail shall be considered delivered when sent) prior to the production date required pursuant to the subpoena, the Subpoenaed Person shall be permitted to produce documents responsive to the subpoena on the subpoena response date.  Compliance by the Subpoenaed Person with any order directing production pursuant to the subpoena of any Confidential Discovery Material shall not constitute a violation of this Protective Order, provided that the notice required by this Paragraph has been satisfied.  Nothing herein shall be construed as requiring the Subpoenaed Person or anyone else covered by this Protective

Order to challenge or appeal any order directing production of Confidential Discovery Material covered by this Protective Order, or to subject himself or itself to any penalties for noncompliance with any legal process or order, or to seek any relief from the Court.

21.     Except as otherwise provided by this Protective Order, all Discovery Material received by any Party or Non-Party may be used for purposes of the Actions or any other action or proceedings commenced by Plaintiff SKAT in the United States or a foreign jurisdiction arising from or related to allegedly improper or fraudulent requests for refunds of dividend withholding taxes (the "Foreign Actions"), including any appeals or retrials, and must not be used for any business, commercial, or other purposes.

22.     Nothing contained in this Protective Order or any designation hereunder or any failure to make such designation shall be used or characterized by any Party as an admission of any kind.  This Protective Order shall not be offered or admitted into evidence at trial or otherwise, except in connection with an application, motion or proceeding relating to the enforcement or application of this Protective Order.

23.     The disclosure or production of Discovery Material shall not prejudice or waive or be deemed to waive any Party's or Non-Party's objection to the relevance or admissibility of such material in the Actions, nor shall such disclosure or production prejudice, waive, or be deemed to waive any objection to use of the material or any claim of confidentiality outside the Actions.  Nothing in this Protective Order shall affect any Party's or Non-Party's right to object to any discovery request, including the right to assert that no discovery should be had of certain documents or information.

24.     Subject to the receiving party's right to object or raise arguments regarding waiver, this Protective Order has no effect upon, and shall not apply to, the Parties' use of

their own Confidential Discovery Material for any purpose. Nothing herein shall impose any restrictions on the use or disclosure by a party of documents, materials or the information designated as "Confidential" or "Highly Confidential" obtained lawfully by such party independently of the discovery proceedings in these Actions or that is already in the public domain.

25.    If the producing party of any Confidential Discovery Material notifies the receiving party in writing that documents or other information (the "Inadvertent Material") have been inadvertently disclosed that the disclosing party believes in good faith to be subject to a claim of privilege, including but not limited to attorney-client privilege or attorney work product protection, Federal Rule of Evidence 502 and Federal Rule of Civil Procedure 26(b)(5)(B) shall apply. Such notice shall include a privilege log that complies with Federal Rule of Civil Procedure 26(b)(5)(A). The parties shall meet and confer concerning the Inadvertent Material within seven (7) days after the disclosing party notifies the receiving party in writing by hand delivery, overnight delivery, or e-mail (which e-mail shall be considered delivered when sent), of the inadvertent disclosure. The party or parties seeking the return, sequester, or destruction of such material may then present the information to the Court under seal within thirty (30) business days of the meet-and-confer for a determination of the claim.

26.    The provisions of this Protective Order shall, absent written permission of the producing party or further order of the Court, continue to be binding throughout and after the conclusion of the Actions, including without limitation any appeals, subject to the rules of any appellate court which may override this Protective Order in any or all respects. Unless otherwise ordered or agreed to in writing by the producing party, within sixty (60) calendar

days after the final termination of the Actions by settlement or exhaustion of all appeals, all parties in receipt of Confidential Discovery Material shall use reasonable efforts to either return such materials and copies thereof to the producing party or destroy such Confidential Discovery Material.  The receiving party's reasonable efforts shall not require the return or destruction of Confidential Discovery Material that (i) is stored on backup storage media made in accordance with regular data backup procedures for disaster recovery purposes, (ii) is located in the email archive system or archived electronic files of departed employees, or (iii) is subject to legal hold obligations.  Backup storage media will not be restored for purposes of returning or certifying destruction of Confidential Discovery Material, but such retained information shall continue to be treated in accordance with the Protective Order. Counsel for the parties shall be entitled to retain copies of court papers (and exhibits thereto), correspondence, pleadings, deposition and trial transcripts (and exhibits thereto), expert reports and attorney work product that contain or refer to Confidential Discovery Materials, provided that such counsel and employees of such counsel shall not disclose such Confidential Discovery Material to any person, except pursuant to court order.  Nothing shall be interpreted in a manner that would violate any applicable canons of ethics or codes of professional responsibility.

27.     In the event that any Confidential Discovery Material is used in any court proceeding in these Actions or any appeal, the Confidential Discovery Material shall retain its status as Confidential Discovery Material through such use except (a) to the extent ordered otherwise by the Court or (b) to the extent such Confidential Discovery Material becomes part of the public record in these Actions.  Counsel shall confer in good faith on such procedures that may be necessary or advisable to protect the confidentiality of any

documents, information and transcripts used in the course of any court proceedings. If the parties cannot agree on an approach, the matter shall be presented to the Court for disposition.

28. Nothing in this Protective Order shall require any party to violate any duty or obligation that it has under law to preserve documents or other materials.

29. The parties agree to be bound by the terms of this Protective Order even prior to entry of this Protective Order by the Court. This Protective Order applies to all Discovery Material produced in the Actions, whether produced before or after the entry of this Protective Order and whether produced by a party or non-party.

30. This Protective Order may be changed only by further agreement of all parties in writing or by order of the Court, and is without prejudice to the rights of any party to seek modification of this Protective Order by application to the Court on notice to the other parties hereto.

31. This Protective Order, and production of documents with or without a "Confidential" or "Highly Confidential" designation hereunder, is not intended to, nor does it, waive any obligations or duties of the parties or their counsel to otherwise maintain the confidence of information or materials in their possession.

32. Nothing in this Protective Order shall preclude any party from seeking judicial relief, in good faith and upon notice to the other parties, with regard to any provision hereof.

33. This Court will retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

34.    The parties shall meet and confer regarding modifications to this Protective Order regarding the treatment of Discovery Material or Confidential Discovery Material during trial.    Provisions for such modification and treatment of Discovery Material or Confidential Discovery Material, if necessary, shall be addressed by the parties with the Court and documented in a pre-trial order.

35.    This Protective Order may be signed by fax or PDF signature and may be signed in one or more counterparts, each of which shall be deemed to constitute an original, but all of which together shall constitute one agreement.


Date: ~~February~~March 4, ~~2019~~2020          Date: ~~February~~March 4, ~~2019~~2020

CAPLIN & DRYSDALE, LLP                    HUGHES HUBBARD & REED LLP

By: ~~/s/ Mark D. Allison~~              By: ~~/s/ Sarah L. Cave~~_____

Mark D. Allison                          William R. Maguire

Zhanna A. Ziering                        Marc A. Weinstein

600 Lexington Avenue                     ~~Sarah L. Cave~~

New York, NY 10022                       ~~John T. McGoey~~

Tel: (212) 379-6060                      Neil J. Oxford

Fax: (860) 493-6290                      Hughes Hubbard & Reed LLP

E-mail: mallison@capdale.com             One Battery Park Plaza

New York, NY  10004-1482

Tel.: (212) 837-6000

Fax: (212) 422-4726

Email:
~~Sarah.cave~~marc.weinstein@hugheshubbard.com

*Attorneys for Plaintiff ~~SKAT~~Skatteforvaltningen*

HANAMIRIAN LAW FIRM, P.C.

By: ~~/s/ John Hanamirian~~_____

John Hanamirian

30 Wall St.

New York, NY 10005

Tel: (856) 793-9092

E-mail: jmh@hanamirian.com


MORVILLO ABRAMOWITZ GRAND
IASON & ANELLO PC

By: ~~/s/ Edward M. Spiro~~_____

Edward M. Spiro

Audrey Feldman

565 5th Ave.

New York, NY 10017

Tel: (212) 856-9600

E-mail: espiro@maglaw.com

WILLIAMS & CONNOLLY LLP

By: /s/ Stephen Andrews

Stephen Andrews

Amy B. McKinlay

725 Twelfth Street, N.W.

Washington, D.C.  20005

Tel: (202) 434-5291

E-mail: SAndrews@wc.com

KOSTELANETZ & FINK, LLP

By: /s/ Eric Smith

Bryan C. Skarlatos

Eric Smith

250 Greenwich St.

New York, NY 10007

Tel: (212) 808-8100

E-mail: bskarlatos@kflaw.com

GUSRAE KAPLAN & NUSBAUM PLLC

By: /s/ Martin Kaplan

Martin Kaplan

120 Wall Street

New York, NY  10005

Tel: (212) 379-6060

E-mail: mkaplan@gusraekaplan.com

DEWEY, PEGNO & KRAMARSKY

By: /s/ Thomas E.L. Dewey

Thomas E.L. Dewey

David S. Pegno

777 Third Avenue

New York, NY 10017

Tel: (212) 943-9000

E-mail: tdewey@dpklaw.com

93169159 296302845_2

LAW OFFICE OF SHELDON S. TOLL
PLLC

By:\_\_\_\_

Sheldon S. Toll

29580 Northwestern Hwy., Ste. 1000

Southfield, MI 48034

Tel: (248) 797-9111

E-mail: sst@lawtoll.com


SEWARD & KISSEL LLP

By: ~~/s/ Mark J. Hyland~~_____

Mark J. Hyland

Ross Hooper

One Battery Park Plaza

New York, NY 10004

Tel: (212) 574-1200

E-mail:hyland@sewkis.com

K&L GATES LLP

By: /s/ John Blessington_____

John Blessington

One Lincoln Street

Boston, MA 02111

Tel: (617) 261-3108

E-mail:john.blessington@klgates.com


*Attorneys for Defendants*


WILMER CUTLER PICKERING
HALE AND DORR LLP

By:_____

Alan E. Schoenfeld

7 World Trade Center

250 Greenwich Street

New York, NY 10007

Tel: (212) 230-8800

E-mail: alan.schoenfeld@wilmerhale.com

KOSTELANETZ & FINK, LLP

By: _____

Sharon L. McCarthy

7 World Trade Center, 34th Floor

New York, NY 10007

Tel: (212) 808-8100

E-mail: smccarthy@kflaw.com

KATTEN MUCHIN ROSENMAN LLP

By: _____

David L. Goldberg

575 Madison Avenue

New York, NY 10022

Tel: (212) 940-6787

E-mail: david.goldberg@kattenlaw.com

KAPLAN RICE LLP

By: _____

Michelle A. Rice

142 West 57th Street, Suite 4A

New York, NY 10019

Tel: (212) 235-0300

E-mail: mrice@kaplanrice.com


*Attorneys for Defendants*


AKERMAN LLP

By: _____

Brian S. Fraser

666 Fifth Avenue, 20th Floor

New York, NY 10103

Tel: (212) 880-3800

E-mail: brian.fraser@akerman.com

*Attorneys for Third-Party Defendant ED&F
Man Capital Markets, Ltd.*

SO ORDERED

_____
HON. LEWIS A. KAPLAN
United States District Judge

**EXHIBIT A**

**CERTIFICATION**

I hereby certify my understanding that Discovery Material is being provided to me pursuant to the terms and restrictions of the Stipulated Protective Order that was issued by the United States District Court for the Southern District of New York on [_____] in *In re Customs and Tax Administration of the Kingdom of Denmark (SKAT) Tax Refund Litigation,* Case No. 18-md-2865 (LAK) (the "Order"). I have been given a copy of that Order and have read it.

I agree to be bound by the Order. I will not reveal the Confidential Discovery Material or disclose confidential witness identities to anyone, except as allowed by the Order. I will maintain any Confidential Discovery Material or material disclosing confidential witness identities in my possession - including copies, notes, or other transcriptions made therefrom - in a secure manner to prevent unauthorized access to it. No later than twenty (20) days after I receive written or electronic notice from a party to the Actions that the action has concluded and the time period for appeals has expired, I will either destroy or return the Confidential Discovery Material or material disclosing confidential witness identities - including copies, notes, or other transcriptions made therefrom - to the counsel who provided me with the Confidential Discovery Material or material disclosing confidential witness identities. I hereby consent to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this litigation.

I declare under penalty of perjury that the foregoing is true and correct and that

this certification is executed this_____day of_____at_____ __

By:        _____

Address:   _____

                  _____

Phone:    _____

Document comparison by Workshare 9.5 on Tuesday, March 3, 2020 8:11:50 PM

| Input: | |
|---|---|
| Document 1 ID | interwovenSite://US-DMS/US/96399447/2 |
| Description | #96399447v2<US> - Original Protective Order |
| Document 2 ID | interwovenSite://US-DMS/US/96302845/3 |
| Description | #96302845v3<US> - 2020 0303 Draft Amended Protective Order |
| Rendering set | HHR Strikethrough |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 60 |
| Deletions | 24 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 84 |